IN THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF TEXAS BROWNSVILLE DIVISION

| | | |
|---|---|---|
| HDR ENGINEERING, INC. | § | |
| | § | |
| *Plaintiff,* | § | |
| V. | § | Civil Action No._____ |
| PROFESSIONAL SERVICE | § | |
| INDUSTRIES, INC. | § | |
| *Defendant.* | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT JUDGE:

Plaintiff, HDR Engineering, Inc. ("HDR") files this original complaint against Defendant Professional Service Industries, Inc. ("PSI") and alleges as follows:

**A. PARTIES**

1. Plaintiff is a corporation that is organized under the laws of the State of Nebraska.

2. Defendant is a corporation that is incorporated under the laws of the State of Delaware. Defendant's principal office in Texas is located in Harris County at 200 Westlake Park Boulevard, Suite 400, Houston, Texas 77079. Defendant may be served with process by serving it registered agent, Corporation Service Company d/b/a CSC - Lawyers Incorporating Service Company, at 211 East 7th Street, Suite 620, Austin, Texas 78701.

## B. JURISDICTION

3. The Court has jurisdiction over the lawsuit under 28 U.S.C. §1332 (a) (1) because Plaintiff and Defendant are citizens of different U.S. states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

## C. VENUE

4. Venue is proper in this district under 28 U.S.C. §1391 (b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this district.

## D. CONDITIONS PRECEDENT

5. All conditions precedent have been performed or have occurred.

## E. FACTS

6. HDR entered into a contract with the Brownsville Navigation District to provide professional engineering services in connection with a construction project at the Port of Brownsville known as "Design of Oil Dock 6" ("the project").

7. In order to prepare the structural design of the project, HDR required information and data related to the characteristics of the soil and other subsurface materials and conditions in the area where the project is located.

8. HDR entered into a written contract with PSI dated June 15, 2009 and entitled "Geotech Subconsultant Agreement" ("the subconsultant agreement"). HDR performed all of its obligations under the subconsultant agreement.

9. According to the terms of the subconsultant agreement, PSI conducted sampling and field testing of the subsurface materials at the project site by performing soil borings to specified depths. In addition, PSI conducted laboratory testing on selected samples of the subsurface materials collected during the site exploration and borings. Based on the field

exploration and laboratory analysis, Shailendra N. Endley, Ph.D., P.E. ("Endley"), an engineer employed by PSI, prepared a Geotechnical Exploration Report dated August 18, 2009 ("the geotechnical report") containing PSI's findings and making recommendations for HDR to use in preparing the structural design for the project.

10. Unfortunately, Endley negligently performed his professional engineering services in gathering and analyzing soil data and preparing the geotechnical report pursuant to the subconsultant agreement. As a result, PSI produced a geotechnical report for HDR's use that contained inaccurate information and flawed and erroneous design recommendations. Therefore, Endley and PSI breached the professional standard of care which should be observed by geotechnical engineers providing geotechnical engineering services under the same or similar circumstances. The negligent acts, errors and omissions by Endley and PSI include: (1.) overestimating the shear strength parameters for the soil in the marine side of the sheet pile wall below the slope of the dredge line; (2.) failing to perform any consolidated undrained triaxial tests in the passive zone in front of the sheet pile wall to properly determine the long term shear strength parameters of the material in that location; and, (3.) failing to neglect cohesion and/or peck shear strength parameters for their sheet pile wall recommendations and global stability analysis.

11. Relying on Endley and PSI's recommendations, HDR designed the structural components of the project including a sheet pile wall system with related structural elements. Eventually, however, the sheet piles and other related structural components for the project began to move to an unacceptable degree causing the project to be unstable and at risk for structural failure.

12. At all times material to the performance of the professional engineering services that are the subject of the subconsultant agreement, Endley was an employee of PSI and performed

engineering services in the course and scope of his employment. Therefore, PSI is vicariously liable for Endley's negligence or other tortious conduct under the doctrine of respondeat superior.

13. After excessive movement of the sheet pile wall system and settlement of the material on the land side of the wall were discovered, HDR retained another geotechnical engineering firm to conduct additional subsurface exploration and testing. The results of the new testing and recommendations were compared with the information and recommendations provided by Endley and PSI. It was clear that Endley and PSI had not properly conducted their subsurface exploration and analysis and had made design recommendations that adversely affected the design work performed by HDR. Because Endley and PSI negligently performed their geotechnical engineering services and made improper design recommendations, it was necessary for HDR to develop a remedial design for the project and pay for the construction of repairs to the project.

### F. COUNT 1 - PROFESSIONAL NEGLIGENCE

14. In the performance of its contractual obligations, PSI agreed to perform its services with the degree of skill and competence normally employed by geotechnical engineers performing the same or similar services. The above described acts and omissions by Endley and PSI fell below the standard of care to be observed by a geotechnical engineer performing the type of services Endley and PSI performed for the project.

15. Pursuant to Texas Civil Practice & Remedies Code Chapter 150, the certificate of merit prepared by John T. Bryant, P.E. is attached to this petition as Exhibit A and incorporated herein by reference. The certificate of merit describes in more detail the conduct of Endley and PSI that breached the applicable standard of care for a geotechnical engineer performing engineering services and providing design recommendations for the type of project that is the subject of this lawsuit.

16. As a direct and proximate result of Endley's and PSI's negligent performance of their professional services, HDR has sustained economic damages including the cost of designing and constructing remedial repairs for the project.

### G. COUNT 2 - BREACH OF CONTRACT

17. In the subconsultant agreement, PSI agreed that all of its services "shall be performed within generally accepted standards of professional care . . . ". As described above, services performed by PSI and its employee, Endley, did not comply with the required standards of professional care and, therefore, PSI breached the subconsultant agreement and thereby caused HDR to incur substantial expenses to correct the design errors in the project resulting from PSI's breach of its contractual obligations.

18. In addition, the subconsultant agreement required PSI to indemnify HDR from and against all liability, claims, losses, costs, expenses and fees arising out of the project or the subconsultant agreement to the extent caused by PSI's negligent or wrongful acts, errors or omissions. HDR requested that PSI indemnify it for the costs incurred to design and implement the remedial measures required for the project due to PSI's negligent performance of its services. PSI refused to cooperate with HDR or accept any responsibility for the cost of repairing the project.

### H. DAMAGES

19. As a direct and proximate result of PSI's conduct described above, HDR sustained money damages consisting of the cost of investigating the failure of the dock involved in the project, implementing temporary measures to slow the settlement and movement of the structural components of the project, designing permanent remedial repairs for the project, and paying for the construction of the repairs necessary to stabilize the project. The damages sustained by HDR as a result of PSI's negligence and breaches of the subconsultant agreement exceed $3,000,000.00.

## I. ATTORNEY FEES AND COSTS

20. HDR is entitled to recover reasonable and necessary attorney's fees under Texas Civil Practice & Remedies Code Chapter 38 and under paragraph 16 of the subconsultant agreement.

## J. JURY DEMAND

21. Plaintiff demands a jury and tenders the appropriate fee with this complaint.

## K. PRAYER

22. For these reasons, Plaintiff HDR requests that the Court issue a summons for Defendant PSI to appear and answer and that HDR be awarded a judgment against PSI for actual damages, prejudgment and post-judgment interest, court costs, attorney's fees and all other relief to which HDR is entitled.

Respectfully submitted,
**CLARK HILL PLC**
901 Main Street, Suite 6000
Dallas, Texas 75202
(214) 651-4300
(214) 651-4330 (facsimile)

By: /s/ J. Alex Huddleston
   **JOHN ALEX HUDDLESTON**
   State Bar No. 10148400
   Southern District Bar No. 1086
   ahuddleston@clarkhill.com

**CLARK HILL PLC**
2301 Broadway
San Antonio, Texas 78215-1157
(210) 250-6000
(210) 250-6100 (facsimile)
**CYNTHIA E. ROSEN**
State Bar No. 24038027
Southern District Bar No. 37906
crosen@clarkhill.com
**ATTORNEYS FOR PLAINTIFF**
**HDR ENGINEERING, INC.**